919 F.2d 741
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mario DIAZ-LOPEZ, Defendant-Appellant.
 No. 89-30270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1990.*
Decided Dec. 6, 1990.
 Before GOODWIN, Chief Judge, and EUGENE A. WRIGHT and NOONAN, Circuit Judges.
 
 ORDER
 
 1
 Mario Diaz-Lopez pleaded guilty conditionally to a charge of being an illegal alien in possession of two firearms, in violation of 18 U.S.C. Sec. 922(g). He preserved his right to appeal from an order denying his motion to suppress evidence obtained in the execution of a search warrant not signed by the issuing state judge.
 
 
 2
 In denying his motion, the district judge found the defect immaterial to the warrant's validity and, even if it were technically invalid, the officers could rely in good faith on its effectiveness. The judge cited United States v. Leon, 468 U.S. 897 (1984). He was correct.
 
 
 3
 A Pasco, Washington police detective went before Superior Court Judge Yencopal with a signed affidavit for a warrant to search an apartment in that city believed to contain narcotics. Judge Yencopal's signature was placed on the affidavit, he issued the warrant on the same day but neglected to sign the warrant itself.
 
 
 4
 The judge later signed an affidavit to the effect that the detective had in fact appeared before him, that he placed the officer under oath, and had him sign the affidavit and signed it himself. The judge's affidavit added that he had read the warrant, put the date on it but that his neglect in not signing it was due to inadvertence. He said that he had found probable cause to issue the warrant and ordered the officer to execute the search.
 
 
 5
 The search produced two handguns which were described in the indictment. The defendant argues that the search was invalid because the warrant was not issued in strict compliance with the Washington Court rule.
 
 
 6
 We agree with the reasoning of the district judge and his application of the holding of Leon. The police officer had a right to rely in good faith on the validity of the warrant. The Supreme Court applied the Leon standard in Massachusetts v. Sheppard, 468 U.S. 981 (1984), in circumstances similar to those before us.
 
 
 7
 Because the good faith rule applies, we need not decide whether an unsigned warrant would be valid under Washington law.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4